Mathews, J.
In dissenting from the opinion and judgment of the majority of the court, in this case, I feel much relieved from the diffidence and unpleasantness which must always occur in similar situations, by the circumstance of finding myself adhering to principles heretofore settled by two decisions, viz. in the case of Bermudez vs. Ibanez, and Dufau vs. Massicot & al. I am still of opinion, that the interpretation given to that part of our state constitution, which requires the records of judicial proceedings to be kept in the language in which the constitution of the united states is written, furnishes the only just and equitable grounds on which the change from the territorial to the state government took place. It was, from necessity, gradual, and the former laws and authorities were not instantly destroyed by the formation of the new government, but yielded to constitutional legislation and appointments.
It is true, that the convention did, by a schedule annexed to the constitution, provide for the continuance of the former government; but I do not believe that it would have ceased to exist in all its parts, unsupported by this instrument. The same then, would have *10 taken place, without the interference of the convention; founded on the political maxim, that a government, in operation over a civil society, does not cease by the most radical change in form, until the means of giving full effect to the new constitution be provided. For, an interregnum cannot be tolerated. The executive power of the territorial government ceased only by the appointment of a governor under the constitution. The legislative power, as established by congress, was at an end immediately on the adoption of the new form of government, and could only be revived conformably to its provisions, during the cessation of legislative power—the laws must have remained as they were previous to that interval. The judicial authorities, like the executive, continued in force, until supplanted by new appointments, in pursuance of the state constitution, and were not bound to enforce its provisions, as they did not derive the power from it.
It must be confessed, that this view of the subject exhibits an appearance somewhat anomalous; but may be considered as neces *11 sarily resulting from a change in government, like that which this country experienced in becoming a sovereign and independent state, from collonial dependence.
Seghers for the plaintiffs, Cuvillier for the defendants.
It is ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the case be remanded to be heard on its merits; and it is ordered, that the defendants and appellees pay the costs of this appeal.